IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,

vs.                                        CASE NO. 9:21-cv-080102: DMM

T&M INVESTMENTS, INC,,
HAITHAM KAMEL NASIF,
A/K/A KAMAL H. NASIF,
A/K/A KENNY NASIF,
MAJESTIC GROUP MANAGEMENT
LLC

    Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO SUBMIT AMENDED MOTION FOR DEFAULT JUDGMENT [D.E. 36]**

    Per L.R. 7.1, IOU moves for leave to submit the Amended Motion for Default Judgment [D.E. 36] per the Orders [D.E. 30, 33] and incorporates its Amended Complaint [D.E 10: AC].

    1.    Defendants fraudulently obtained, guaranteed or otherwise benefitted from a loan from IOU for $112,000.00, governed by Georgia law [AC ¶ ¶ 1-20].

    2.    IOU seeks relief as to Defendants, located in Florida with their property at issue [AC ¶ ¶ 21-36] in this suit, also involving application of Florida law.

    3.    IOU's claims against Defendants include declaratory and equitable relief of their liability on the Instruments, their property, assets and proceeds [Count I AC ¶¶ 37-44], judgment on the Instruments [Count II AC ¶¶ 45-50], tort claims breach of fiduciary duty and related relief [Count III AC ¶¶ 51-58], quantum meruit/unjust enrichment [Count IV AC ¶¶ 59-64], equitable lien/mortgage [Count V AC ¶¶ 65-69], a constructive trust if Count V is denied [Count VI AC ¶¶ 70-74], fees [Count VII AC ¶¶ 75-79] and Federal and Georgia RICO [Count VIII AC ¶¶ 80-90].

4.IOU was ultimately granted an extension of time to file a 30-page Motion by 2/2/21 [D.E. 30, 34], which was filed slightly after that deadline, before business hours on 2/3/21 [D.E. 35].

5.The Motion was delayed due to a lack of access to the online court records of Palm Beach County, forming a basis for IOU's claims, particularly its RICO Claims, which a former paralegal of IOU's counsel was to obtain but had not. IOUs counsel repeatedly attempted to access these online records on 2/2/21, but could not, forcing him to file the Motion without them.

6.On 2/3/21, IOU's counsel was able to access the online court records and filed an Amended Motion referencing them and clarifying IOU's damages claims [D.E. 36] and also providing a proposed order to chambers on the Amended Motion.

7.IOU seeks leave to have its Amended Motion considered and accepted in fulfillment of the Court's Orders [D.E. 30, 34] which denied its prior Motion [D.E. 37] as moot.

8.This relief will not delay this case or prejudice any party.

## MEMORANDUM

The Court is requested to take judicial notice of the record of this case per FRE 201.

**I.Plaintiff's Amended Motion was required, should be permitted and accepted.**

Motions are governed by Fed. R. Civ. P. 6, requiring a motion to state its grounds with specificity, meaning an omitted argument is deemed abandoned. ***Coalition v. Atlanta***, 219 F.3d 1301, 1326 (11th Cir. 2000) [failure to brief and argue issue means it is abandoned]; ["[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." ***Resolution v. Dunmar***, 43 F.3d 587, 599 (11th Cir. 1995) IOU amended its Motion to ensure all arguments and evidence are before the Court.

This Court and others permitted amended motions, even untimely ones, without leave to file them. ***Gomez v. Lindberg***, LEXIS 187771 *1-2 (S.D. Fla. 2016); ***Emess Capital v.***

*Rothstein*, LEXIS 162982 (S.D. FL 2011) [granted amended motion for default for triple RICO and tort damages]; *Transp. Alliance v. Morex*, LEXIS 213347 * 2 (S.D. Fla. 2019) [granted amended motion for default on claims for declaratory relief and damages on loan agreement and security agreement, filed 7 days after deadline]; *Sea La Vie v. Fisher*, LEXIS 141015 *4 (M.D. Fla. 2019) [granted amended motion for default judgment filed over two months after deadline]; *Weber v. Absolute Collection*, LEXIS * 6-9 (M.D. Fla. 2012) and *Tindal v. Def. Tax Group*, LEXIS 206893 * 12-13 [granted plaintiff leave to file amended motion for default within 30 days after denial of prior motion]; *James Gorman v. Bankers*, LEXIS 130105 *3-4 (M.D. Fla. 2018) [granted amended motion for default judgment on counterclaim for breach of contract, conversion, civil theft, unjust enrichment, injunction and attorney's fees]

IOU's Amended Motion is not nearly as late as these examples, required for IOU's complete relief, per its Amended Complaint, meaning the Amended Motion should be permitted. "*[T]he court should freely give leave when justice so requires.*" "*This mandate is to be heeded.*" *Foman v. Davis*, 371 U.S. 182 (1962). ["If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."] IOU should be granted leave to amend, which *must* be granted absent a specific, significant reason for denial. *Spanish v. Clear*, 376 F.3d 1077 (11th Cir. 2004) *Thomas v. Town*, 847 F.2d 773 (11th Cir. 1988); *Williams v. Board*, 441, F3d 1287 (11th Cir. 2006) *Rosen v. TRW*, 979 F.2d 194 (11th Cir. 1992); Amendment should be permitted if not appearing beyond a doubt plaintiff cannot prove facts entitling it to relief. *Thomas* 773

This Circuit has a "strong policy of determining cases on their merits" and disfavors resolutions by mere procedural defaults. *Gulf Coast Fans v. Midwest Elecs.*, 740 F.2d 1499, 1510-11 (11th Cir.1984)); *Seven Elves v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan.

1981) [balancing of desire to preserve finality of judgments with the desire judgments reflect the merits of the case]; **_Valdez v. Feltman_**, 328 F.3d 1291, 1295 (11th Cir, 2003) *See* **_Cf. Banco Continental v. Curtiss Nat'l Bank of Miami_**, 406 F.2d 510, 514 (5th Cir. 1969) ["The purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities."] *See* **_Foman v. Davis_**, 371 U.S. 178, 181-82 (1962) ["The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."] The claims raised by IOU should be decided their merits, requiring the Amended Motion.

II.     **The Relief Should be granted.**

The Court controls pretrial deadlines in this case. **_Landis v. N. Am_**. Co., 299 U.S. 248, 254 (1936) [it is "incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"] The Court may grant an extension for good cause. **_Pioneer v. Brunswick_**, 507 U.S. 395 (1993). The extension and minor leave to file the Amended Motion for Default Judgment is sought by IOU in good faith. **_Sosa v. Airprint_**, 133 F. 3d. 1417, 1418 (11th 1998)

Accordingly, IOU requests this relief for which good cause was shown. **_Sosa v. Airprint,_** 133 F.3d 1417-19 (11th Cir. 1998). This relief will not prejudice any party to this action. **_Maixner v. United States_**, LEXIS 91983 (M.D. Fla. 2007). In **_Cannabis v. Gainesville_**, 231 F.3d 767-68 (11th Cir. 2000) the Court found a movant met the **_Pioneer_** test in filing a late notice of appeal as there was no danger of prejudice to the defendants, the delay was *de minimus* in light of the long time of the litigation, the reason for the delay was legitimate and lastly there was "no indication that [the plaintiff's] delay resulted from mere negligence or bad faith. **_Id._** Similarly, the

leave sought is *de-minimus* and the documents are filed per the Local Rules

## CONCLUSION

IOU respectfully requests leave to have its Amended Motion [D.E. 36] considered and accepted in fulfillment of the Orders [D.E. 30, 34] per denial of its prior Motion [D.E. 37] as moot.

. Respectfully submitted this 4th day of February 2021

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Florida Bar No. 48815
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 153163